UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WILEY & SONS, INC.,

                          Plaintiffs,

                v.

NICE GLOBAL LLC AND NEARSHORE
INBOUND CALL EXPERTS LIMITED,

                          Defendants.

25-CV-2662 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of the parties' briefing on Plaintiff's motion for leave to file a Second Amended Complaint.  Dkt. 39.  Plaintiff seeks to add, among other new allegations, that if the Court finds that Defendant NICE Global LLC was not a party to the 2022 MSA or 2023 SOW, it would nevertheless be liable for alleged breaches of contract by its subsidiary, Defendant Nearshore Inbound Call Experts Limited ("Nearshore"), pursuant to "veil-piercing and alter-ego theories" under New York law.  Dkt. 40 ("Pl. Mot.") at 13–14.  Defendants oppose, arguing that such an amendment would be futile under New York law.  Dkt. 46 ("Def. Opp'n") at 9–12.

In the Court's view, New York law may not apply to an attempt to impose liability on NICE Global, which Plaintiff alleges is a "limited liability corporation organized under the laws of the State of Delaware," for a breach by Nearshore, which Plaintiff alleges is a "limited liability company organized under the laws of Jamaica." Dkt. 25 ("Am. Compl.") ¶¶ 8–9.  Because this action is brought pursuant to this Court's diversity jurisdiction, this court applies New York's choice-of-law principles to Plaintiff's claims.  *Id.* ¶ 10; *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *In re Coudert Bros. LLP*, 673 F.3d 180, 186–87 (2d Cir. 2012).  "[U]nder New York choice of law principles, the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders."  *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir.

1995) (quotation omitted).  As a result, courts in this District routinely look to the jurisdiction in which a subsidiary is incorporated to determine whether liability should be imposed on parent companies. *See, e.g.*, *Capmark Fin. Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 346–47 (S.D.N.Y. 2013) (collecting cases); *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 401 (S.D.N.Y. 2013).  This principle applies with equal force to circumstances in which a subsidiary entity is organized under the laws of a foreign state.  *See, e.g.*, *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 453 F. Supp. 2d 633, 683–89 (S.D.N.Y. 2006) (applying analogous veil-piercing doctrines under the laws of Mauritius, the Netherlands, and England to subsidiary entities organized in those jurisdictions).

Because Plaintiff has plead that Nearshore is a Jamaican corporation, New York's choice-of-law rules would appear to dictate that Jamaican law, rather than New York law, would apply to any attempt to impose liability on NICE Global for acts by Nearshore under a veil-piercing theory. Accordingly, Plaintiff is directed to submit supplemental briefing, by February 27, 2026, as to (1) whether New York or Jamaican law would apply to its theory of NICE Global's liability for Nearshore's breach of contract, and (2) whether, if Jamaican law controls, its proposed amendment would be futile.  Defendants may respond by March 6, 2026.

SO ORDERED.

Dated:    February 18, 2026
          New York, New York

_____
          Ronnie Abrams
          United States District Judge

2