**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

JOHN WILEY & SONS, INC.,

Plaintiff, Case No.: 1:25-cv-02662

v.

NICE GLOBAL LLC and NEARSHORE INBOUND CALL EXPERTS LIMITED,

Defendants.

-----------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties acknowledge that disclosure and discovery in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted; and

WHEREAS, the Parties request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the “Protective Order”) shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the “Action”).

1. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

2. When used in this Protective Order, the term:

a. "**Confidential Information**" means all documents and testimony, and all information contained therein, containing:

i. Trade secrets or other confidential research, development information, financial information, proprietary information, or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G); or

ii. Confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

b. "**Highly Confidential – Attorneys' Eyes Only Information"** means Confidential Information that is all of the following: (i) the subject of reasonable efforts to maintain its secrecy; (ii) sufficiently valuable to afford a potential or actual advantage over others; and (iii) if disclosed to the non-Disclosing Party, would cause injury to the business, commercial, competitive, or financial interests of the Disclosing Party.

c. "**Disclosing Party**" means any Party or subpoenaed non-party disclosing or producing documents and testimony in this Action.

d. "**Receiving Party**" means any Party or non-party that receives documents and testimony in this Action.

e. "**Discovery Material**" means all items or information produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

f. "**Document**" has the same meaning as provided in Local Civil Rule 26.3.

g. "**Information**" means individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

3. A Disclosing Party's designation of Discovery Material as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a reasonable basis for such designation. Nothing herein permits the Disclosing Party to make blanket designations of confidentiality, but rather such marking must be specific to only those documents that satisfy the criteria set forth herein.

4. With respect to Discovery Material other than deposition transcripts, the Disclosing Party may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility.

5. With respect to deposition transcripts, a Disclosing Party or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information; or (b) notifying the reporter and all counsel of record, in writing, within fourteen (14) days of delivery of the deposition transcript, of the specific pages and lines of the

transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 14-day period following the delivery of the deposition transcript, if either Party has either (a) indicated on the record during the deposition that a question calls for Confidential or Highly Confidential information, or (b) introduced exhibits to the deposition marked Confidential or Highly Confidential – Attorneys' Eyes Only, the entire transcript will be treated as if it had been designated Confidential or Highly Confidential – Attorneys' Eyes Only. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order;

6. If at any time before trial of this Action, a Disclosing Party realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", such Disclosing Party or their counsel may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Order. The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

7. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted

hereunder.

8. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

a. the Parties to this action, including the officers, directors, and employees of the Party to whom disclosure is reasonably necessary for this Action;

b. The insurers of a Party to this action, and counsel to their insurers;

c. counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel;

d. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

e. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

f. as to any Document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

g. any non-Party witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

h. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

i. stenographers engaged to transcribe depositions conducted in this action; and

j. this Court, including any appellate court, and the court reporters and support personnel for the same; and

k. other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

9. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, Highly Confidential – Attorneys' Eyes Only Information or the contents thereof shall not be furnished, shown or disclosed to any person or entity except to:

a. Litigation counsel for the Parties including in-house litigation counsel, and any paralegal, clerical and other assistant employed by such counsel;

b. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

c. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

d. as to any Document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

e. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by litigation counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. this Court, including any appellate court, and the court reporters and support personnel for the same; and

h. Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party

10. Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Protective Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

11. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose.

12. Nothing in this Protective Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information. If the Disclosing Party disseminates its own Confidential Information outside of the confines of this Order, such information shall no longer be subject to this Order. In addition, nothing in this Protective Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential Information that:

a. is or became public knowledge, not in breach of this Order;

b. was acquired by a party from a non-party having the right to disclose such information; or

c. was learned by a party as a result of that party's independent efforts, investigation, or inquiry.

Notwithstanding this provision, the party seeking to impose confidentiality shall retain its burden in the first instance as set forth throughout this Protective Order. If the objecting party wishes to utilize the exceptions set forth in this Paragraph 12, that party bears the burden of establishing said exception for the document(s) in question.

13. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

14. If a Receiving Party is served with a subpoena or a court order that compels disclosure of any Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected. The Disclosing Party must notify the Receiving Party within ten (10) calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the

court to avoid disclosure of the Confidential Information. For the avoidance of doubt, the Receiving Party will not be obligated to move for a protective order.

15. When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B). Insofar as the parties are subject to an order or reach an agreement under Fed. R. Evid. 502(d) or (e), such order or agreement is incorporated by reference herein with regard to the effect of disclosure of a communication or information covered by the attorney-client privilege, work product protection, or another privilege or protection. This provision is not intended to modify whatever procedure may be established in such an order or stipulation.

16. If, at any time, a party objects to a designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within fourteen (14) calendar days of receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Discovery Material. If the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth below. The Discovery Material subject to that application will be treated as Confidential or Highly Confidential – Attorneys' Eyes Only, as applicable, unless and until the Court orders otherwise. No party shall be obligated to challenge the propriety of a designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.

17. Without written permission from the Disclosing Party or a court order secured after

appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential Information. However, this Protective Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential Information in connection with a motion, brief, or other submission to the court must comply with Sec. 5.A and Judge Abrams's Individual Rules and Practices in Civil Cases.

18. Within thirty (30) calendar days after the final disposition of this Action, including any appeals, each Receiving Party must destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured. Within the same thirty (30) day period, the Receiving Party must submit a written certification to the Disclosing Party that states that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel for the Receiving Party may retain a copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Any such retained copies that contain or constitute Confidential Information remain subject to this Order.

19. Any non-Party producing Confidential Information in this Action may be included in this Protective Order by endorsing a copy of it and delivering the endorsed copy to the Party that made the request for information. The Requesting Party, in turn, shall serve the endorsed copy on the other Parties. The Parties to this Action may designate information produced by non-Parties as Confidential as consistent with the terms and provisions of this Order.

20. In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Information produced by or obtained from any Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

21. This Protective Order shall not prejudice in any way the rights of any Party to introduce as evidence at trial any document, testimony, or other evidence subject to this Protective Order that is otherwise admissible, or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. It shall also not impinge upon the right to a public trial, hearing or other court proceeding. A Party that anticipates that another Party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention without disclosing the Confidential Information. A Party that anticipates that it intends to present at a hearing or trial Confidential Information shall bring the issue to the Courts' and Parties' attention. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. In the event that Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

22. Nothing in this Protective Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party or a Party opponent.

23. The Parties agree that a designation of information as Confidential or Highly Confidential – Attorneys' Eyes Only is not intended to be and shall not be construed as an admission that the Confidential Information is relevant to a Party's claims or defenses, nor subject to an applicable privilege or protection.

24. This Protective Order shall survive the termination of this Action.

Dated: July 1, 2026
Hoboken, New Jersey

Respectfully submitted,

JOHN WILEY & SONS, INC.

/s/ Kristen G. Niven
Kevin H. Kim
Kristen G. Niven
111 River Street
Hoboken, New Jersey 07030
Phone: (201) 748-5809
Fax: (201) 748-6500
Kkim2@wiley.com
kniven@wiley.com
*Attorneys for Plaintiff John Wiley & Sons, Inc.*

Dated:

Respectfully submitted,

BAKER & HOSTETLER LLP

/s/ David M. Friebus
David M. Friebus (*pro hac vice*)
Katherine H. Walton (*pro hac vice*)
One North Wacker Drive, Suite 3700
Chicago, IL 60606
Tel: 312.416.6200
dfreibus@bakerlaw.com
kwalton@bakerlaw.com

Maximilian Shifrin
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212.589.4200
*Attorneys for Defendants NICE Global LLC and Nearshore Inbound Call Experts Limited*

**SO ORDERED:**

Dated: July 28, 2026

JUDGE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

JOHN WILEY & SONS, INC.,

Plaintiff, Case No.: 1:25-cv-02662

v.

NICE GLOBAL LLC and NEARSHORE INBOUND CALL EXPERTS LIMITED,

Defendants.

---------------------------------------------------------X

**ACKNOWLEDGMENT**

I, ______________________________, declare that:

1. I have received a copy of the Stipulation and Protective Order ("Protective Order") in this Action.

2. I have carefully read and understand the provisions of this Protective Order and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that I receive in this Action, except to the extent that such information designated "Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" in accordance with the Protective Order.

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Protective Order.

6. I understand that disclosure of information designated "Confidential" in violation of the Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

______________________ Date

__________________________ Signature